UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

Alexey Rivero-Perez
Petitioner

v.

United States of America,
Respondent

Case No.# 9:20-CR-80030-DMM(1)

(Hon. Judge Middlebrooks)

FILED BY __cos__ D.C.

NOV 16 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

_____/

MOTION FOR REDUCTION IN SENTENCE
PURSUANT TO 18 USC §3582(c)(2)

NOW COMES, **Alexey Rivero-Perez**, Petitioner pro se, and submits this Motion for Reduction In Sentence (RIS) pursuant to the provisions of 18 USC §3582(c)(2) and based on the United States Sentencing Commission's Criminal History **Amendment 821 - Part B** as relating to "zero criminal history." Petitioner requests fair consideration for relief as the Guideline Amendment affects his applicable guideline range and the 3553(a) factors weigh in favor of such relief.

I. JURISDICTION

This Court has jurisdiction to reduce a sentence under Section 3582(c)(2) "after considering the factors set forth in 18 USC §3553(a)" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 USC §3582(c)(2).

Under United States Sentencing Guideline (USSG) §4C1.1, a new Criminal History Category Zero (0) is created and allows for a two-level reduction to the offense level of individuals who meet the required criteria:

1

1. No criminal history points
2. No adjustment under 3A1.4 (terrorism)
3. No use or credible threats of violence in connection with the offense
4. The offense did not result in death or serious bodily injury
5. The offense is not a sex offense
6. The defendant did not personally cause substantial financial hardship
7. The defendant did not possess, receive, purchase, transport, transfer, sell, or dispense of a firearm or other dangerous weapon in connection with the offense
8. The instant offense is not covered under 2H1.1 (Offenses Involving Individual Rights)
9. The defendant did not receive an adjustment under 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3A1.5 (Serious Human Rights Offense); and
10. The defendant did not receive an adjustment for aggravating role (3B1.1) and was not engaged in a continuing criminal enterprise under 21 USC 484

See USSG §4C1.1

On November 1, 2023, the Sentencing Commission retroactively amended the Sentencing Guidelines, giving this Court jurisdiction to hear a motion brought by defendants like Mr. Rivero-Perez, who satisfy the criteria in the amended Section 4C1.1.

II. RETROACTIVE APPLICABILITY TO PETITIONER RIVERO-PEREZ

The relevant policy statement under USSG §4C1.1 indicates that the Court shall determine the amended guideline range that would have been applicable to the defendant if the amendment to the guidelines had been in effect at the time the defendant was sentenced.

Petitioner was convicted of Possession with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 USC §841(A)(1), (B)(1)(B)(II). At the time of his sentencing on May 3, 2023, before the Honorable Judge Middlebrooks of the United States District Court for the Southern District of Florida, Petitioner was a Criminal History Category I, Offense Level 21, yielding a Guideline Range of **37-46 months**. He received a below-guidelines

sentence of 30 months' imprisonment.

With the retroactive application of §4C1.1, Rivero-Perez's amended guideline range is 30-37 months, based on Offense Level 19, under the new Criminal History Category Zero (0). Petitioner had no mandatory minimum imposed at the time of sentencing, and as such asks the Court for consideration of a below-guideline sentence proportional to that of his originally imposed sentence (that would be seven (7) months below the low-end, or 23 months). Such a reduction would not undermine the applicable sentencing factors under 3553(a) and post-sentencing considerations discussed further below, and which weigh in favor of the requested relief.

III. 3553(a) AND POST-SENTENCING FACTORS WEIGH IN FAVOR

When evaluating for sentence reduction under 18 USC Section 3582(c)(2), a court is to consider the factors set forth in 18 USC Section 3553(a) to the extent they are applicable. As such, Petitioner Rivero-Perez asks the Court for a proper balancing of his post-sentencing conduct and rehabilitation (and other factors) with the seriousness of his offense conduct in addition to the sentencing factors weighed by the Court at the time of sentencing.

Petitioner Rivero-Perez has served over ten (10) months, 40% of his statutory sentence. He has a Projected Release Date of February 28, 2025 via Good Conduct Time (GCT) procedures. This does not include time credits Mr. Rivero-Perez is currently earning towards his First Step Act (FSA) eligibility. His participation in Evidence Based Recidivism Reduction Programming (EBRR) and Productive Activities (PAs) will result in credits applied toward early release to supervision and/or Pre-Release custody (unless, and until a Final Order of Removal is issued by an Immigration Court, as per BOP pattern and practice and in spite of Petitioner's Cuban citizen status negating possible removal).

3

Mr. Rivero-Perez has been at his designated facility, Allenwood Low Security Correctional Facility for only about six (6) months, having spent several months in the Special Housing Unit (SHU) for non-disciplinary reasons, awaiting bedspace. This time spent in Administrative Detention awaiting space in the general population housing unit is a significant hardship, as the facility's Administrative Hold is similarly punitive as its Disciplinary Detention.

Petitioner is waitlisted for a variety of programs to meet his Risks and Needs Assessment as determined by his Unit Team. The BOP has determined that Mr. Rivero-Perez is a LOW risk for future criminality via its PATTERN (Prisoner Assessment Tool Targeting Estimated Risks and Needs) which uses a variety of measurements to determine a BOP inmate's risk of serious misconduct upon release. His risk level continues to lower through his work program assignment in Food Services Department, FSA Programming which includes waitlist for Spanish-language Drug Education.

Mr. Rivero-Perez has had no disciplinary infractions during his time of imprisonment to date, and takes his personal betterment very seriously. He intends to do all he can to build new skills toward successful re-entry upon completion of his term of imprisonment.

Given Petitioner's demonstrated current (and future) efforts to better himself, prison record thus far, conditions of confinement during the early months at his designated facility, and Low risk of future criminality which continues to decrease, Petitioner contends that this Court should determine that he poses no danger to any other person or to the community and that a granting of relief would in no way undermine the goals of sentencing or diminish the severity of his offense conduct.

IV. CONCLUSION

For the reasons stated above, Petitioner Alexey Rivero-Perez prays this Honorable Court will GRANT a reduction of sentence to reflect the change in his Guideline Range due to the retroactivity of Amendment 821 and in consideration of a balancing of all applicable 3553(a) factors. Petitioner specifically requests a sentence proportional to that of his originally imposed term, to **23 months,** or in the alternative, to any such relief this Court deems proper and necessary.

Respectfully Submitted this 7th day of November, 2023.

*Alexey Rivero*
Alexey Rivero-Perez, Pro Se
LSCI Allenwood
PO Box 1000
White Deer PA 17887

Alexey Rivero-Perez
Fed. Reg. No. #39204-510
Allenwood Low Security
Correctional Inst.
PO Box 1000
White Deer PA 17887

7020 1810 0001 4634 2056

Retail

UNITED STATES POSTAL SERVICE

33

RDC 99

United States District Court
Southern District of Florida
701 Clematis St, Room 402
West Palm Beach FL 33401
United States

Us Dist Court
Southern Dist. Florida
701 Clematis ST
Rm. 402
WEST PALM BCH, FL 33401
United States